DORIS A. NAYLOR, petitioner-appellant,

*v.*

FREDERICK W. NAYLOR, JR., et al., defendant-respondent.

[Submitted May term, 1928.   Decided October 15th, 1928.]

To establish adultery by inference, the circumstances from which the inference is drawn must be such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Church.

*Mr. Samuel W. Boardman, Jr.,* for the petitioner-appellant.

*Mr. Joseph E. Worthington, Jr.,* for the defendant-respondent Frederick W. Naylor, Jr.

*Mr. J. Glenn Anderson,* for the defendant-respondent Dorothy L. Griffin.

The opinion of the court was delivered by

KAYS, J.

This is an appeal from a decree of the court of chancery dismissing the petition of the appellant, Doris A. Naylor, for divorce on the ground of adultery, in which suit Dorothy L. Griffin intervened and was joined as a party-defendant. The proofs show that the parties were married on November 2d, 1925, in New York City, where they lived together for a few weeks. On December 13th of the same year the petitioner left the defendant, her husband, claiming as a reason for doing so that he did not properly support her. The petitioner thereupon returned to live with her parents in East Orange, Essex county, New Jersey, and the defendant, her husband, who was also a resident of East Orange at the time of the marriage, returned to that place and again took up his residence with his parents. Ever since this separation they lived in the city of East Orange with their respective parents. The petitioner claims that shortly after the separation the defendant, her husband, became intimate with a young woman by the name of Dorothy L. Griffin and had illicit relations with this woman on several occasions. The said Dorothy L. Griffin was one of three sisters who together with their mother lived in the house adjacent to that in which the defendant Frederick W. Naylor, Jr., lived with his parents. It appears that the defendant Naylor had known all three of these girls for many years before his marriage. The proofs seem to justify the conclusion that after the petitioner had left the defendant, her husband, he resumed his friendship and intimacy with the Griffin family and particularly with the girl Dorothy ·L. Griffin. The evidence indicates that he was with this girl perhaps ·more than was wise, and was at her

house on some occasions probably later than most people generally stay when calling on their friends. The evidence also shows that the defendant Dorothy L. Griffin had had illicit relations with some man about the time of the separation of the petitioner and defendant Naylor. There was evidence that the man with whom she had had such intercourse was named Smith and as a result a child was born to the said Dorothy L. Griffin on September 8th, 1926. It is claimed by the petitioner that the defendant, her husband, was the father of the child of which the said Dorothy L. Griffin was the mother. The only evidence of any intimacy between the husband and the said Dorothy L. Griffin occurred in July, 1926, a short time before the birth of the child which occurred on September 8th, and again in October, 1926, after the child was born. Both the defendant Naylor and the defendant Dorothy L. Griffin, deny that there was anything immoral in their relations. They both claim that they were merely good friends and nothing more.

A careful examination of the evidence in this case leads us to the opinion that the decree advised by the learned vice-chancellor dismissing the petition was proper. Even assuming that the evidence showed that the relations between the defendant Dorothy L. Griffin and the defendant Naylor were suspicious, it is not sufficient to prove adultery.

Justice Van Dyke, speaking for this court in the case of *Berckmans* v. *Berckmans, 17 N. J. Eq. 453, &c.,* said, referring to proofs sufficient to establish adultery:

"The evidence must be such as to satisfy the human mind, and leave the careful and guarded judgment of the court free from any conscientious and perplexing doubts as to whether the charge be proved or not. If, after a careful examination of all the competent testimony, such doubts remain immovable, it is clearly our duty to give the defendant the benefit of such doubts, and to refuse the prayer of the complainant."

Chancellor McGill, in the case of *Hurtzig* v. *Hurtzig, 44 N. J. Eq. 329,* which was affirmed, *45 N. J. Eq. 869,* quoted the rule relative to such proofs to be as follows, to wit: "To

establish adultery by inference, the circumstances from which the inference is drawn must be such as would lead the guarded discretion of a reasonable and just man to the conclusion of guilt."

These same rules were again followed by this court in *Torrens* v. *Torrens, 94 N. J. Eq. 480,* &c.

We are of the opinion that the evidence of adultery in this case is not sufficiently convincing to justify a finding that it existed. Therefore the decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.